NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-2666

———————

UNITED STATES OF AMERICA

v.

ADAN DIRICIO-TELLER,
a/k/a Jose Villalovos-Tellez,
a/k/a Jose Luis Tellez Villalbas,
a/k/a Jose Luis Tellez Villalovos,
a/k/a Manuel Ramos-Tacuba

ADAN DIRICIO-TELLER,

                                                    Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 08-00652-1)
Honorable Gene E.K. Pratter, District Judge

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 9, 2010

———————

BEFORE:  MCKEE, BARRY, and GREENBERG, Circuit Judges

(Filed:  April 6, 2010)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

This matter comes on before the Court on an appeal by Adan Diricio-Teller from a judgment of conviction and sentence entered in this criminal case on June 2, 2009. A grand jury returned an indictment against Diricio-Teller charging him with having illegally entered the United States following his deportation thus violating 8 U.S.C. §§ 1326(a) and (b)(2). Diricio-Teller pleaded guilty and the District Court sentenced him to a custodial term of 50 months to be followed by a three-year term of supervised release. The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

The District Court calculated Diricio-Teller's sentencing guideline range as follows. The sentencing guidelines established his base offense level in U.S.S.G. § 2L1.2(a) as 8 but provided for a 16-level increase in U.S.S.G. § 2L1.2(b)(1) because he had been deported after being convicted of an alien smuggling offense. The Court, however, reduced his offense level by 3 levels under U.S.S.G. § 3E1.1 by reason of his acceptance of responsibility. Thus, his total offense level was 21 which, when applied with his criminal history category of IV, yielded a guidelines range of 57 to 71 months. Diricio-Teller does not contend that these calculations were incorrect.

Nevertheless, Diricio-Teller challenges his sentence on three bases. First, he contends that the sentence was procedurally unreasonable because the District Court did not meaningfully address his argument that he should have been given a variance from the guidelines range because his underlying conviction was for a "relatively minor . . .

'alien smuggling' offense" as he was a mere foot guide in the offense. Appellant's br. at 14. Second, he contends that we should remand the case for resentencing in light of our decision in United States v. Arrelucea-Zamudio, 581 F.3d 142 (3d Cir. 2009), as we decided that case after the sentencing in this case. In Arrelucea-Zamudio we held that in a district that does not have a fast track program which permits a 4-level offense level reduction predicated on a defendant's guilty plea and waiver of certain rights in illegal reentry cases, a court may grant a variance from the guideline range, thus mitigating the disparity between non-fast track and fast track districts. Finally, he contends that his Fifth and Sixth Amendment rights were violated when the statutory maximum sentence for his offense was increased from two to 20 years under 8 U.S.C. § 1326(b)(2) by reason of his prior conviction in an illegal entry case. In this regard he points out that the indictment did not charge that he had been convicted in the earlier case.

We reject all of Diricio-Teller's contentions. First, the District Court did not believe that the 16-level enhancement reflecting his underlying conviction was too harsh because his offense in this case was a repeat offense for the same type of conduct in which he had engaged previously. Second, we see no need to remand in the light of Arrelucea-Zamudio for it is clear that the District Court applied the law as we later recognized it to be in that case. In this regard we point out that the District Court when sentencing Diricio-Teller accepted his fast track argument for it said that it could "accomplish the same thing I want to accomplish by simply exercising my discretion in a

3

way that accounts for my hope that your family ties will be important for the next time you think about breaking the law again." App. at 137-38. Then the Court granted Diricio-Teller a seven-month downward variance. Finally, the Supreme Court opinion in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998), precludes us from accepting Diricio-Teller's Fifth and Sixth Amendment arguments.

For the foregoing reasons the judgment of conviction and sentence entered June 2, 2009, will be affirmed.

4